

$400

POST & SCHELL, P.C.
BY: MARC H. PERRY, ESQUIRE
E-MAIL: mperry@postschell.com
I.D. # 68610
ERIKA M. PAGE, ESQUIRE
E-MAIL: epage@postschell.com
I.D. # 321138
FOUR PENN CENTER, 13TH FLOOR
1600 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA 19103-2808
215-587-1000

18   2242

ATTORNEYS FOR DEFENDANT

| | |
|---|---|
| GREGORY NELSON, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiff, | APRIL TERM, 2018 |
| v. | No. 5119 |
| DOLLAR TREE, INC., | **FILED** |
| Defendant. | **MAY 29 2018** KATE BARKMAN, Clerk By_____Dep. Clerk |

## DEFENDANT, DOLLAR TREE, INC.'S PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. §1332 AND 28 U.S.C. §1441

Defendant, Dollar Tree, Inc. ("Petitioning Defendant"), by and through its attorneys, Post & Schell, PC, hereby petitions to remove the above-captioned action, which is presently in the Court of Common Pleas, Philadelphia County, April Term 2018, No. 180405119, pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 *et seq.*, and in support thereof, aver as follows:

### I.   NATURE OF THE ACTION

1.      This action arises out of an alleged accident that occurred on or about September 24, 2016, at a Dollar Tree Store, located at 1100 Chester Pike, Sharon Hill, Pa 19097 ("the premises") where Plaintiff, Gregory Nelson, claims that he slipped and fell. *See* a true and correct copy of Plaintiff's Complaint, attached hereto as Exhibit "A," ¶ 4.

1

2.      Plaintiff is a citizen of Pennsylvania, residing at 302 Marks Avenue, Darby, Pa 19023. *See* Exhibit "A," ¶ 1.

3.      Petitioning Defendant, Dollar Tree, Inc., is a Virginia corporation with its headquarters and principal place of business located at 500 Volvo Parkway Chesapeake, VA 23320. *See* a true and correct copy of the relevant Corporate Listings from the Virginia Department of State attached hereto as Exhibit "B".

4.      Plaintiff alleges the he suffered serious and permanent injuries as a result of the aforesaid incident, "including but not limited to," a L2-3 laminectomy; lumbar disc herniations and protrusions at L2-3, L4-5, and L5-S1; bilateral S1 radiculopathy; a lumbar sprain and strain; a bilateral knee sprain and strain; a bilateral knee contusion; a right hip contusion; a left forearm contusion and sprain and strain; and myofascitis. *See* Exhibit "A," ¶ 8.

5.      Plaintiff further alleges a loss of earnings and future loss of earning capacity. *See* Exhibit "A," ¶ 11.

6.      Additionally, Plaintiff has asserted, pursuant to Pennsylvania pleading rules, that he suffered damages in excess of the $50,000.00 jurisdictional limit of a Board of Arbitrators. *See* Exhibit "A."

## II.     PROCEDURAL HISTORY

7.      On or about May 3, 2018, Plaintiff's Complaint was filed in the Philadelphia County Court of Common Pleas. *See* Exhibit "A".

8.      An Affidavit of Service was filed on or about May 16, 2018, indicating that Petitioning Defendant was served on or about May 10, 2018.

9. 28 U.S.C. § 1446(b)(2)(B) provides that "[e]ach defendant shall have [thirty] days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." *See* 28 U.S.C. § 1446(b)(2)(B).

10. This Notice of Removal and its related papers are therefore timely pursuant to 28 U.S.C. § 1446(b)(2)(B).

## III. LEGAL ARGUMENT

### A. The Amount in Controversy Exceeds $75,000.

11. Under 28 U.S.C. § 1332, a matter may, in certain instances, be removed to Federal Court based upon the diversity of citizenship if the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

12. The amount in controversy is measured by the pecuniary value of the rights being litigated. *Hunt v. Washington Apple Adver. Comm'n*, 432 *U.S.* 333, 347, 97 *S. Ct.* 2434, 53 *L. Ed.* 2d 383 (1977).

13. "[T]he amount in controversy is *not* measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley, Inc.*, 989 *F*.2d 142, 145–46 (3d Cir. 1993) (citing *Hunt*, 432 U.S. at 347) (finding that amount in controversy requirement was satisfied, when complaint asserted compensatory damages claim "in excess of $20,000" and punitive damages claim "in excess of $20,000" because "the complaint [did] not limit its request for damages to a precise monetary amount" and there could "be no doubt that a reasonable jury likely could have valued" the plaintiff's losses as exceeding the required threshold).

14. Therefore, courts must find that the party seeking removal has satisfied the amount in controversy requirement when a reasonable jury could value the plaintiff's losses at an

3

amount above the jurisdictional minimum. *Id.* at 146; *see also Corwin Jeep Sales & Serv. v. Am. Motors Sales Corp.*, 670 *F. Supp.* 591, 596 (M.D. Pa. 1986) (finding amount in controversy requirement met when the court could not "find to a legal certainty that the parties' respective rights under the franchise agreement [were] worth less than" the jurisdictional minimum).

15.     Here, Plaintiff alleges to have suffered multiple serious and permanent injuries to his spinal cord, as well as lost earnings and future earning capacity, as a result of the aforesaid incident. *See* Exhibit "A," ¶ ¶ 8, 11.

16.     He claims that these damages are in excess of $50,000.00. *See* Exhibit "A."

17.     Considering all of these items of claimed recoverable damage, a reasonable jury could value Plaintiff's losses at an amount in excess of the $75,000 minimum pursuant to *Hunt, Angus*, and *Corwin*.

18.     Accordingly, Petitioning Defendant has satisfied 28 U.S.C. §1332(a)'s amount in controversy requirement for removal.

**B.      Plaintiff is completely diverse from Petitioning Defendant, and Petitioning Defendant is Not from the Forum State.**

19.     The Supreme Court has long held that a defendant may remove any civil case originally filed in state court to federal court so long as the case could have been originally brought in federal court pursuant to 28 U.S.C. § 1441(a). *Caterpillar, Inc. v. Williams*, 482 *U.S.* 386, 393, 107 *S. Ct.* 2425, 96 *L.Ed.*2d 318 (1987); 28 U.S.C. § 1441(a).

20.     The complete diversity of citizenship between the parties required under 28 U.S.C. § 1332(a) exists when "every plaintiff [is] of diverse state citizenship from every defendant." *In re Briscoe*, 448 *F.*3d 201, 215 (3d Cir. 2006) (citing *Grand Union Supermarkets of the Virgin Islands v. H.E. Lockhart Mgmt., Inc.*, 316 *F.*3d 408, 410 (3d Cir. 2003)); 28 U.S.C. § 1332(a)(1).

4

21.     A corporation is considered to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

22.     In addition, 28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of jurisdiction under [§ 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is sought." 28 U.S.C. § 1441(b)(2). Put differently, even if all plaintiffs are diverse from all defendants, "the forum defendant rule in § 1441(b) obliges [this court] to remand the action to state court" if just one defendant named in the action is a citizen of the forum state where the action was initiated. *Yellen v. Teledene Cont'l Motors, Inc.*, 832 *F. Supp.* 2d 490, 500 (E.D. Pa. 2011).

23.     Plaintiff incorrectly alleges in his Complaint that Petitioning Defendant is a citizen of Pennsylvania. *See* Exhibit "A," ¶ 2. However, the Virginia Corporate Registry makes clear that it is actually incorporated in, and has a principal place of business in, Virginia. *See* Exhibit "B". Therefore, Petitioning Defendant is a citizen of Virginia and not Pennsylvania, and the parties are completely diverse, as required by 28 U.S.C. § 1332(a).

24.     Moreover, as a citizen of Virginia, Petitioning Defendant is not a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2).

25.     Accordingly, removal is proper under 28 U.S.C. § 1441(b). *See Pennsy Supply, Inc. v. Mumma*, No. 1:10-CV-00451, 2010 U.S. Dist. LEXIS 38148, *11–12 (M.D. Pa. Mar. 17, 2010) (agreeing that 28 U.S.C. § 1441(b) would not be an issue, when the plaintiff brought the claim in Pennsylvania and incorrectly assumed that one of the defendants was from Pennsylvania).

## IV.   **CONCLUSION**

26.   Because the case at bar meets the amount in controversy requirement, and Petitioning Defendant is a citizen of Virginia, rather than Pennsylvania, removal of the case from the Philadelphia Court of Common Pleas to the Eastern District of Pennsylvania is permissible under 28 U.S.C. §1332 and 28 U.S.C. §1441 *et seq. See also M.W. v. Ford Motor Co.*, No. 8:14-cv-3132-T-24TBM, *6 (M.D. Fl. Mar. 24, 2015) (removing defendant had adequately established diversity jurisdiction when plaintiffs were mistaken regarding one defendant's citizenship and incorrectly named a fictitious entity as another defendant in the action).

**WHEREFORE**, Petitioning Defendant, Dollar Tree, Inc., respectfully requests that this Honorable Court find this case to have been properly removed and assume full jurisdiction of this matter.

POST & SCHELL, P.C.

BY:   *Erika Page*

DATED: May 24, 2018

MARC H. PERRY, ESQUIRE
ERIKA M. PAGE, ESQUIRE
Attorneys for DEFENDANT

6

POST & SCHELL, P.C.
BY: MARC H. PERRY, ESQUIRE
E-MAIL: mperry@postschell.com
I.D. # 68610
ERIKA M. PAGE, ESQUIRE
E-MAIL: epage@postschell.com
I.D. # 321138
FOUR PENN CENTER, 13TH FLOOR
1600 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA 19103-2808          ATTORNEYS FOR DEFENDANT
215-587-1000

| | |
|---|---|
| GREGORY NELSON, | COURT OF COMMON PLEAS |
| Plaintiff, | PHILADELPHIA COUNTY |
| v. | APRIL TERM, 2018 |
| DOLLAR TREE, INC., | No. 5119 |
| Defendant. | |

## *MEMORANDUM OF LAW* IN SUPPORT OF DEFENDANT, DOLLAR TREE, INC.'S PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. §1332 AND 28 U.S.C. §1441

Defendant, Dollar Tree, Inc. ("Petitioning Defendant"), by and through its attorneys, Post & Schell, PC, hereby files the within *Memorandum of Law* in support of its petition for removal pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 *et seq.*

## I.   QUESTION PRESENTED

Should the aforementioned case be removed from the Philadelphia Court of Common Pleas, when the amount in controversy exceeds $75,000.00; the parties are completely diverse; and Petitioning Defendant is a citizen of Virginia and not the forum state?

**Suggested Answer: Yes.**

1

## II.     NATURE OF THE ACTION

This action arises out of an alleged accident that occurred on or about September 24, 2016, at a Dollar Tree Store, located at 1100 Chester Pike, Sharon Hill, Pa 19097 ("the premises") where Plaintiff, Gregory Nelson, claims that he slipped and fell. *See* a true and correct copy of Plaintiff's Complaint, attached hereto as Exhibit "A," ¶ 4. Plaintiff is a citizen of Pennsylvania, residing at 302 Marks Avenue, Darby, Pa 19023. *See* Exhibit "A," ¶ 1. Petitioning Defendant, Dollar Tree, Inc., is a Virginia corporation with its headquarters and principal place of business located at 500 Volvo Parkway Chesapeake, VA 23320. *See* a true and correct copy of the relevant Corporate Listings from the Virginia Department of State attached hereto as Exhibit "B".

Plaintiff alleges the he suffered serious and permanent injuries as a result of the aforesaid incident, "including but not limited to," a L2-3 laminectomy; lumbar disc herniations and protrusions at L2-3, L4-5, and L5-S1; bilateral S1 radiculopathy; a lumbar sprain and strain; a bilateral knee sprain and strain; a bilateral knee contusion; a right hip contusion; a left forearm contusion and sprain and strain; and myofascitis. *See* Exhibit "A," ¶ 8. Plaintiff further alleges a loss of earnings and future loss of earning capacity. *See* Exhibit "A," ¶ 11. Additionally, Plaintiff has asserted, pursuant to Pennsylvania pleading rules, that he suffered damages in excess of the $50,000.00 jurisdictional limit of a Board of Arbitrators. *See* Exhibit "A."

## II.     PROCEDURAL HISTORY

On or about May 3, 2018, Plaintiff's Complaint was filed in the Philadelphia County Court of Common Pleas. *See* Exhibit "A". An Affidavit of Service was filed on or about May 16, 2018, indicating that Petitioning Defendant was served on or about May 10, 2018.

28 U.S.C. § 1446(b)(2)(B) provides that "[e]ach defendant shall have [thirty] days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." *See* 28 U.S.C. § 1446(b)(2)(B). This Notice of Removal and its related papers are therefore timely pursuant to 28 U.S.C. § 1446(b)(2)(B).

## III.   LEGAL ARGUMENT

### A.   The Amount in Controversy Exceeds $75,000.

Under 28 U.S.C. § 1332, a matter may, in certain instances, be removed to Federal Court based upon the diversity of citizenship if the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The amount in controversy is measured by the pecuniary value of the rights being litigated. *Hunt v. Washington Apple Adver. Comm'n*, 432 *U.S.* 333, 347, 97 *S. Ct.* 2434, 53 *L. Ed.* 2d 383 (1977). It is "*not* measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley, Inc.*, 989 *F.*2d 142, 145–46 (3d Cir. 1993) (citing *Hunt*, 432 U.S. at 347) (finding that amount in controversy requirement was satisfied, when complaint asserted compensatory damages claim "in excess of $20,000" and punitive damages claim "in excess of $20,000" because "the complaint [did] not limit its request for damages to a precise monetary amount" and there could "be no doubt that a reasonable jury likely could have valued" the plaintiff's losses as exceeding the required threshold). Therefore, courts must find that the party seeking removal has satisfied the amount in controversy requirement when a reasonable jury could value the plaintiff's losses at an amount above the jurisdictional minimum. *Id.* at 146; *see also Corwin Jeep Sales & Serv. v. Am. Motors Sales Corp.*, 670 *F. Supp.* 591, 596 (M.D. Pa. 1986) (finding amount in controversy requirement met when the court could not "find to a legal certainty that the parties' respective rights under the franchise agreement [were] worth less than" the jurisdictional minimum).

3

Here, Plaintiff alleges to have suffered multiple serious and permanent injuries to his spinal cord, as well as lost earnings and future earning capacity, as a result of the aforesaid incident. *See* Exhibit "A," ¶¶ 8, 11. He claims that these damages are in excess of $50,000.00. *See* Exhibit "A." Considering all of these items of claimed recoverable damage, a reasonable jury could value Plaintiff's losses at an amount in excess of the $75,000 minimum pursuant to *Hunt*, *Angus*, and *Corwin*.

Accordingly, Petitioning Defendant has satisfied 28 U.S.C. §1332(a)'s amount in controversy requirement for removal.

**B.** **Plaintiff is completely diverse from Petitioning Defendant, and Petitioning Defendant is Not from the Forum State.**

The Supreme Court has long held that a defendant may remove any civil case originally filed in state court to federal court so long as the case could have been originally brought in federal court pursuant to 28 U.S.C. § 1441(a). *Caterpillar, Inc. v. Williams*, 482 *U.S.* 386, 393, 107 *S. Ct.* 2425, 96 *L.Ed.*2d 318 (1987); 28 U.S.C. § 1441(a). The complete diversity of citizenship between the parties required under 28 U.S.C. § 1332(a) exists when "every plaintiff [is] of diverse state citizenship from every defendant." *In re Briscoe*, 448 *F.*3d 201, 215 (3d Cir. 2006) (citing *Grand Union Supermarkets of the Virgin Islands v. H.E. Lockhart Mgmt., Inc.*, 316 *F.*3d 408, 410 (3d Cir. 2003)); 28 U.S.C. § 1332(a)(1). A corporation like Petitioning Defendant is considered to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

In addition, 28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of jurisdiction under [§ 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is sought." 28 U.S.C. § 1441(b)(2). Put differently, even if all plaintiffs are diverse from all

defendants, "the forum defendant rule in § 1441(b) obliges [this court] to remand the action to state court" if just one defendant named in the action is a citizen of the forum state where the action was initiated. *Yellen v. Teledene Cont'l Motors, Inc.*, 832 *F. Supp.* 2d 490, 500 (E.D. Pa. 2011).

Plaintiff incorrectly alleges in his Complaint that Petitioning Defendant is a citizen of Pennsylvania. *See* Exhibit "A," ¶ 2. However, the Virginia Corporate Registry makes clear that it is actually incorporated in, and has a principal place of business in, Virginia. *See* Exhibit "B". Therefore, Petitioning Defendant is a citizen of Virginia and not Pennsylvania, and the parties are completely diverse, as required by 28 U.S.C. § 1332(a). Moreover, as a citizen of Virginia, Petitioning Defendant is not a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2).

Accordingly, removal is proper under 28 U.S.C. § 1441(b). *See Pennsy Supply, Inc. v. Mumma*, No. 1:10-CV-00451, 2010 U.S. Dist. LEXIS 38148, *11–12 (M.D. Pa. Mar. 17, 2010) (agreeing that 28 U.S.C. § 1441(b) would not be an issue, when the plaintiff brought the claim in Pennsylvania and incorrectly assumed that one of the defendants was from Pennsylvania).

## IV.    **CONCLUSION**

Because the case at bar meets the amount in controversy requirement, and Petitioning Defendant is a citizen of Virginia, rather than Pennsylvania, removal of the case from the Philadelphia Court of Common Pleas to the Eastern District of Pennsylvania is permissible under 28 U.S.C. §1332 and 28 U.S.C. §1441 *et seq. See also M.W. v. Ford Motor Co.*, No. 8:14-cv-3132-T-24TBM, *6 (M.D. Fl. Mar. 24, 2015) (removing defendant had adequately established diversity jurisdiction when plaintiffs were mistaken regarding one defendant's citizenship and incorrectly named a fictitious entity as another defendant in the action).

5

**WHEREFORE**, Petitioning Defendant, Dollar Tree, Inc., respectfully requests that this Honorable Court find this case to have been properly removed and assume full jurisdiction of this matter.

POST & SCHELL, P.C.

BY: _Erika Page_
_____

**DATED:** May 24, 2018

MARC H. PERRY, ESQUIRE
ERIKA M. PAGE, ESQUIRE
Attorneys for DEFENDANT

6

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division
# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**APRIL 2018**

E-Filing Number: 1805009212

**005119**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| GREGORY NELSON | DOLLAR TREE, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 302 MARKS AVENUE<br>DARBY PA 19023 | 1100 CHESTER PIKE<br>SHARON HILL PA 19079 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Non-Jury<br>[ ] Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce    [ ] Settlement<br>[ ] Minor Court Appeal   [ ] Minors<br>[ ] Statutory Appeals   [ ] W/D/Survival |

CASE TYPE AND CODE

2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br><br>MAY 03 2018<br><br>**A. SILIGRINI** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>   YES     NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: GREGORY NELSON

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JASON I. MANUS | KWARTLER MANUS, L.L.C.<br>1429 WALNUT STREET |

| PHONE NUMBER | FAX NUMBER | SUITE 701 |
|---|---|---|
| (267)457-5570 | (267)457-5571 | PHILADELPHIA PA 19102 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 202263 | jmanus@kminjurylawyers.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *JASON MANUS* | Thursday, May 03, 2018, 02:49 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**KWARTLER MANUS, L.L.C.**
BY:   JASON I. MANUS, ESQUIRE
I.D. NO.: 202263
1429 Walnut Street, Suite 701
Philadelphia, PA 19102
(267) 457-5570

**MAJOR NON-JURY**



Filed and Attested by the
Office of Judicial Records

Attorney for Plaintiff

| | |
|---|---|
| GREGORY NELSON<br>302 Marks Avenue<br>Darby, PA 19023<br><br>v.<br><br>DOLLAR TREE, INC.<br>1100 Chester Pike<br>Sharon Hill, PA 19079 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

COURT OF COMMON PLEAS

COUNTY OF PHILADELPHIA
CIVIL TRIAL DIVISION

## COMPLAINT IN PERSONAL INJURY
## 2S PREMISES LIABILITY

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.   THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE
    PHILADELPHIA BAR ASSOCIATION
    LAWYER REFERRAL and INFORMATION SERVICE
    One Reading Center
    Philadelphia, Pennsylvania 19107
    (215) 238-6333
    TTY: (215) 451-6197

**ADVISO**

Lehandemandado a usteden la corte. Si ustedquieredefenderse de estasdemandasexpuestasen las páginassiguientes, ustedtieneveinte (20) días, de plazo al partir de la fecha de la demanda y la notificación. Hacefaltasentarunacomparenciaescritín o en persona o con un abogado y entregar a la corteen forma escritasusdefensas o susobjeciones a las demandasen contra de su persona. Sea avisado que siusted no se defiende, la cortetomarámedidas y puedacontinuar la demandaen contra suya sin previo aviso o notificacion. Además, la cortepuedededecidir a favor del demandante y requiere que ustedcumpla con todas las provisiones de estodemanda. Ustedpuedeperderdinero o suspropiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

    ASSOCIACION DE LICENDIADOS DE FILADELFIA
    SERVICIO DE REFENCIA E INFORMACION LEGAL
    One Reading Center
    Filadelfia, Pennsylvania 19107
    Teléfono: (215) 238-6333
    TTY: (215) 451-6197

**PLEASE BE ADVISED THAT KWARTLER MANUS, LLC WILL NOT GRANT ANY EXTENSION OF TIME TO FILE A RESPONSE TO THIS COMPLAINT.**

Case ID: 180405119

## COMPLAINT IN PERSONAL INJURY
## 2S PREMISES LIABILITY

1.      Plaintiff, Gregory Nelson, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.      Defendant, Dollar Tree, Inc., is a corporation doing business in the Commonwealth of Pennsylvania that regularly conducts business in Philadelphia County, with a business address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and or safety of the premises located at or near 1100 Chester Pike, Sharon Hill, PA 19079 (hereinafter referred to as "premises").

3.      At all times material hereto Defendant was acting individually, jointly and/or byand through Defendant's agents, servants, franchisees, workmen and/or employees for themaintenance, repair, care and control of the premises.

4.      On or about September 14, 2016, Plaintiff was an invitee, licensee and/or otherwise legally on Defendant's premises, when, as a result of the negligence, recklessness and/or carelessness of the Defendants caused the Plaintiff to slip and fall on liquid, believed to be laundry detergent, near the laundry detergent aisle.

5.      As a result of this accident, the Plaintiff suffered severe and permanent bodily injury as more fully set forth at length below.

- 2 -

Case ID: 180405119

**COUNT I**
Gregory Nelson v. Dollar Tree, Inc.
**Personal Injury**

6.    Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

7.    The negligence, carelessness and/or recklessness of Defendant consisted of the following:

     a.    Failure to design, construct, maintain, and/or repair the premises, over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

     b.    Failure to properly monitor, test, inspect or clean the premises, to see if there were dangerous or defective conditions to those legally on the premises;

     c.    Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, to such invitees, licensees and/or others legally on the premises;

     d.    Failure to barricade and/or block-off the defective and/or dangerous area of the premises;

     e.    Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

- 3 -

Case ID: 180405119

f.      Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.      Failing to exercise the proper care, custody and control over the aforesaid premises;

h.      Failure to inspect, maintain and/or repair known and/or unknown defects; and,

i.      Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.      In other respects that may be pointed out at the time of trial.

8.    As a direct result of the negligent, careless and/or reckless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: L2-3 laminectomy, lumbar disc herniation/protrusion L2-3, L4-5, and L5-S1, bilateral S1 radiculopathy, lumbar sprain and strain, bilateral knee sprain and strain, bilateral knee contusion, right hip contusion, left forearm contusion and sprain and strain, and myofascitis, and any other ills, injuries, all to Plaintiff's great loss and detriment.

9.    As a result of these injuries, all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

10.    As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

- 4 -

Case ID: 180405119

11.    As a further result of the injuries sustained, the Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the Plaintiff.

12.    In addition to all the injuries and losses suffered, the Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which Plaintiff has not been reimbursed and upon which the Plaintiff makes a claim for payment in the present action.

**WHEREFORE**, Plaintiff demands judgment in Plaintiff's favor and against Defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

KWARTLER MANUS, L.L.C.

JASON L. MANUS, ESQUIRE

**PLAINTIFF'S INTERROGATORIES and REQUESTS FOR PRODUCTION OF DOCUMENTS ARE ATTACHED TO AND SERVED WITH THIS COMPLAINT.**

- 5 -

Case ID: 180405119

## **VERIFICATION**

I hereby state that I am a Plaintiff in this action and verify that the statements made in the forgoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. To the extent that the contents of the Complaint are that of counsel, verifier has relied on counsel in taking this Verification. The undersigned understands that this Verification is made subject to the penalties of 19 Pa. C.S. Section 4909 relating to unsworn falsifications to authorities.

Signature: _____

Case ID: 180405119

# EXHIBIT "B"

**Alert to business entities regarding mailings from VIRGINIA COUNCIL FOR CORPORATIONS or U.S. BUSINESS SERVICES is available from the Bulletin Archive link of Clerk's Office website.**

Home | Site Map | About SCC | Contact SCC | Privacy Policy

SCC eFile > Entity Search > Entity Details

Login | Create an Account

**SCC eFile**
**Business Entity Details**

FAST. SIMPLE. SECURE.

❓ Help

## DOLLAR TREE, INC.

**SCC eFile**

SCC eFile Home Page
Check Name
Distinguishability
Business Entity Search
Certificate Verification
FAQs
Contact Us
Give Us Feedback

**Business Entities**

**UCC or Tax Liens**

**Court Services**

**Additional Services**

### General

SCC ID: 06905996
Entity Type: Corporation
Jurisdiction of Formation: VA
Date of Formation/Registration: 2/22/2008
Status: Active
Shares Authorized: 610000000

### Principal Office

500 VOLVO PKWY
CHESAPEAKE VA23320

### Registered Agent/Registered Office

CORPORATION SERVICE COMPANY
100 SHOCKOE SLIP
2ND FLOOR
RICHMOND VA 23219
RICHMOND CITY     216
Status: Active
Effective Date: 1/1/2018

### Select an action

File a registered agent change
File a registered office address change
Resign as registered agent
File an annual report
Pay annual registration fee
Order a certificate of good standing
Submit a PDF for processing (What can I submit?)
View eFile transaction history
Manage email notifications

[ New Search ]  [ Home ]

Screen ID: e1000

Need additional information? Contact: sccinfo@scc.virginia.gov Website questions? Contact: webmaster@scc.virginia.gov
We provide external links throughout our site. 🌐
📕 PDF (.pdf) Reader 📊 Excel (.xls) Viewer 📑 PowerPoint (.ppt) Viewer 📘 Word (.doc) Viewer
Build # 1.0.6.41247

## CERTIFICATE OF SERVICE

ERIKA M. PAGE, ESQUIRE hereby states at a true and correct copy of the foregoing Notice of Removal is to be electronically filed with the Court and served electronically by the Court upon counsel of record.

POST & SCHELL, P.C.

BY: _Erika Page_
_____

DATED: May 24, 2018

MARC H. PERRY, ESQUIRE
ERIKA M. PAGE, ESQUIRE
Attorneys for DEFENDANT