| | |
|---|---|
| GREGORY NELSON, | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA |
| Plaintiff, | |
| v. | |
| DOLLAR TREE, INC., | No. 2:18-CV-02242 |
| Defendant | |

## <u>ORDER</u>

**AND NOW**, this ___ day of _____, 2018, upon consideration of the Defendant, Dollar Tree, Inc.'s Motion for Summary Judgment, and any response thereto, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that said motion is **GRANTED**. Plaintiff's civil action against Dollar Tree Inc. is dismissed in its entirety, with prejudice.

BY THE COURT:

_____
                                                    **J.**

18264932v1

POST & SCHELL, P.C.
BY:  MARC H. PERRY, ESQUIRE
E-MAIL: mperry@postschell.com
I.D. # 68610
AARON L. DUNBAR, ESQUIRE
E-MAIL: adunbar@postschell.com
I.D. # 317773
FOUR PENN CENTER, 13TH FLOOR
1600 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA  19103-2808          ATTORNEYS FOR DEFENDANTS
215-587-1000

| | |
|---|---|
| GREGORY NELSON,<br><br>                          Plaintiff,<br><br>                    v.<br><br>DOLLAR TREE, INC.,<br><br>                          Defendant | UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF<br>PENNSYLVANIA<br><br><br>No. 2:18-CV-02242 |

**DEFENDANT, DOLLAR TREE, INC.'S MOTION FOR SUMMARY JUDGMENT**

**I.    STATEMENT OF UNDISPUTED FACTS:**

1.      This action arises of Plaintiff, Gregory Nelson's alleged slip and fall accident that occurred on September 14, 2016, while Plaintiff was shopping at Dollar Tree located at 1100 Chester Pike, Sharon Hill, Pennsylvania.

2.      Plaintiff's Complaint alleges that he was a business invitee at the Dollar Tree store when he "slipped and fell on liquid, believed to laundry detergent." *See* Exhibit "A," ¶ 8.

3.      Plaintiff's Complaint alleges that Dollar Tree was negligent in its alleged failure to warn, inspect, maintain and/or exercise due and reasonable care of the defective condition on the premises. *See* Exhibit "A," ¶ 10.

4.      Plaintiff testified during his January 21, 2019 deposition that he was walking down the cleaning supply aisle when he "slipped in something and fell." See a true and correct

copy of Plaintiff's January, 21 2019 Deposition Transcript, attached hereto as Exhibit "B," p. 37, lines 20–22.

5.      Plaintiff had been inside the store approximately 2 minutes before the alleged accident. Id at pg. 38,39.

6.      Plaintiff did not provide a description of the condition or substance that caused the alleged fall or duration of how long it existed prior to the accident.

7.      Plaintiff testified that after the alleged accident, he overheard an alleged Dollar Tree employee state that she was told by an unidentified customer, that the customer dropped detergent in the aisle ten (10) minutes prior to the accident. Id. at pg. 39,40.

8.      Plaintiff described the alleged Dollar Tree employee as ""white, maybe 5'5, 5'6" wearing a green store shirt. . Id. at pg. 40.

9.      Plaintiff Testified that he overheard this statement as it was being made to a Sharon Hill Police Officer and EMT personnel. Id.

10.      The investigating police officer, Michael Attix, testified in his January 21, 2019 deposition that no statements were made to him concerning the duration of the substance existence on the floor. See a true and correct copy of Sharon Hill Police Officer, Micheal Attix's January, 21 2019 Deposition Transcript, attached hereto as Exhibit "C," p. 10, 12, 13.

## II.      PROCEDURAL HISTORY

11.      On or about May 3, 2018, Plaintiff filed a negligence action in the Philadelphia Court of Common Pleas naming Dollar Tree as a defendant. *See* a true and correct copy of Plaintiff's Complaint, attached hereto as Exhibit "A," ¶ 2,4.

12.      An Affidavit of Service was filed on or about May 16, 2018, indicating that Dollar Tree was served on or about May 10, 2018.

18264932v1

13.     On May 24, 2018, this matter was removed to this Honorable Court, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 *et seq*, by Dollar Tree.

14.     On June 5, 2018, Dollar Tree filed its Answer with New Matter to Plaintiff's Complaint. <u>See</u> A true and correct copy of Dollar Tree's Answer with New Matter to Plaintiffs' Complaint attached hereto as Exhibit "D."

15.     Dollar Tree now submits the instant Motion for Summary Judgment and request that Honorable Court dismiss Plaintiff's claims with prejudice.

## III.   <u>LEGAL ARGUMENT</u>

### A.   SUMMARY JUDGMENT STANDARD:

16.     *Federal Rule of Civil Procedure* 56 states, in pertinent part, that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

17.     A factual dispute is only "material" if it might affect the outcome of the case, and an issue is only "genuine" if a reasonable fact-finder is able to return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 *U.S.* 242, 248, 106 *S. Ct.* 2505, 91 *L. Ed.* 2d 202 (1986).

18.     Put differently, in order to prevail on a motion for summary judgment, the movant must show "that there is an absence of evidence to support the non-moving party's claims." *Celotex Corp. v. Catrett*, 477 *U.S.* 317, 325, 106 *S. Ct.* 2548, *L.Ed.* 2d 265 (1986)).

19.     Although the evidence must be viewed in the light most favorable to the non-moving party, the non-moving party may not rely solely upon the pleadings to survive a motion for summary judgment. *Berckeley Inv. Grp. Ltd. V. Colkitt*, 455 *F.*3d 195, 201 (3d Cir. 2006).

20.     Rather, once the movant has carried its initial burden, the non-moving party "must rebut the motion with facts in the record" essential to her case. *Id.*

21.     Applying these principles to the facts of the present case, Dollar Tree is entitled to judgment as a matter of law.

**B.     PLAINTIFF FAILED TO ESTABLISH THAT DOLLAR TREE HAD ACTUAL OR CONSTRUCTIVE NOTICE OF THE ALLEGED DEFECTIVE CONDITION**

22.     A possessor of property is not an insurer of the safety of those on his premises. Martino v. Great Atlantic and Pacific Tea Co., 419 Pa. 229, 213 A.2d 608 (1965).  As such, the mere existence of a harmful condition in a public place of business or the mere happening of an accident due to such conditions is neither evidence of a breach of a duty of care, nor does it raise a presumption of negligence.  Meyers v. Penn Traffic Co., 606 A.2d 926 (Pa. Super. 1992) quoting Moultrey v. Great Atlantic & Pacific Tea Co., 281 Pa. Super. 525, 529 30, 422 A.2d 593, 596 (1980).

23.     The duty which a possessor of land owes to an invitee is set forth in the Restatement (Second) of Torts § 343.  That section provides:

24.     A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he:

> (A)     knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (B) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (C) fails to exercise reasonable care to protect them against the danger. Restatement (Second) of Torts, § 343; Moultrey v. Great A & P Tea Co., 281 Pa. Super. 525, 529-30, 422 A.2d 593, 595-96 (1980).

25.     To impose liability on the possessor of land, the invitee must present evidence which proves that the possessor deviated from its duty of reasonable care under the circumstances. Harmotta v. Bender, 411 Pa. Super. 371, 601 A.2d 837 (1992).

26.     However, if the transitory condition is traceable to persons other than those for whom the owner is ordinarily accountable, there must be actual notice or constructive notice that the condition existed for such a length of time that in the exercise of reasonable care it should have been discovered. D'Aprile v. Rolling Hill Hosp., 28 Pa. D. & C.4th 430, 433 (Pa. C.P. 1995)

27.     The invitee must present evidence which shows that the landowner knew, or in the exercise of reasonable care, should have known of the existence of the defective condition. Id.  In other words, Plaintiff bears the burden of proving that the party who owed him a duty had **actual or constructive notice** of a harmful condition causing the injury.  Estate of Swift by Swift v. Northeastern Hospital, 690 A.2d 719, 722 (Pa. Super. 1997).

28.     The duration of the hazard is important because if a hazard only existed for a very short period of time before causing any injury, then the possessor of the land, even "by the exercise of reasonable care," would not discover the hazard, and thus would owe no duty to protect invitees from such a hazard. Felix v. GMS, Zallie Holdings, Inc., 827 F. Supp. 2d 430, 437 (E.D. Pa. 2011), aff'd, 501 F. App'x 131 (3d Cir. 2012) (affirming summary judgment where there was "insufficient evidence that Defendants either caused the dangerous condition or had actual notice of the dangerous condition").

29.     In Canton v. Kmart Corp., plaintiff filed a negligence claim against defendant, in which she alleged to have slipped and fell on a clear substance while shopping in the defendant's

store. <u>Canton v. Kmart Corp</u>., 2010 U.S. Dist. LEXIS 12646, \*1, 2010 WL 545718[1]. Defendant

filed a motion for summary judgment, arguing that Plaintiff failed to establish that defendant had

notice of the defective condition. <u>Id</u>. Plaintiff claimed that after the fall, a witness overheard the

defendant's employee state that a customer had spilled liquid prior to the fall. <u>Id</u> at 7. The

witness described the employee, who made the statement as "dark skinned and slim and short,

with straight hair" wearing a Kmart badge, but she was unable to make out the name on the

badge. <u>Id</u>. The court held that plaintiff failed establish that the defendant had actual or

constructive notice because failure to identify the speaker made it impossible to determine

whether the person was indeed an employee, who was speaking within the scope of her

employment. <u>Id</u> at 7,8.[2]

     30.    In this instance, the facts are identical to those in Canton. Here, Plaintiff claims

to have overheard an alleged Dollar Tree employee repeat a statement made by another unknown

individual.

     31.    Plaintiff described the alleged employee as "white, maybe 5'5, 5'6" wearing a

green shirt. This description, just as the description in Canton is insufficient to establish the

identity of the speaker.

---

[1] Also see Canton v. Kmart Corp., Fed. App'x 79, 79 (3d Cir. 2012). Plaintiff appealed the District Courts holding and the United States Court of Appeals Third Circuit upheld the District Courts holding, thereby denying Plaintiff's appeal.

[2] The District Court also held that the statement was classic hearsay that did not fall within an exception under the Federal Rules of Evidence. Id at 7,8. Also see *See Hughey v. The Home Depot USA, Inc.*, No 08-03213, 2009 U.S. Dist. LEXIS 63737, \*3, [WL] (E.D. Pa. July 23, 2009) (Robreno, J.) (without the identity of employee, unable to determine if an admission made within the scope of employment); *Carden v. Westinghouse Electric Corp.,* 850 F.2d 996, 1002 (3d Cir. 1988) [*9] (finding double hearsay declaration inadmissible as an admission of a party opponent because the original declarant was unknown. "[B]ecause [the declarants] are unidentified, the record could not, and does not, establish that [the statement] was within the scope of their employment");*U.S. v. Cruz,* 910 F.2d 1072, 1081 n. 10 (3d Cir. 1990) (without knowing the identity of a declarant, "the indicia of reliability embodied in the FED. R. EVID. 801(d)(2)(D) non-hearsay definition were absent, and the statement had to be excluded."); *Zaken v. Boerer,* 964 F.2d 1319, 1324 (2d Cir. 1992) ("[W]ithout identification of the declarant, the statement … did not have a sufficient evidentiary foundation to establish the existence of an agency relationship as required under Rule 801(d)(2)(D)").

32.     There was no evidence offered describing the uniforms of Dollar Tree employees or whether the alleged employee was acting within the scope of her employment.

33.     Further, Plaintiff could not provide the name of the alleged employee.

34.     Thus, Plaintiff fails to offer any evidence that establishes that the alleged defective condition existed for a sufficient amount of time to prove that Dollar Tree  had actual or constructive notice of it.

35.     Just as in *Canton*, this Court should hold accordingly.

**C.     EVIDENCE PRESENTED BY PLAINTIFF IS INADMISSIBLE PURSUANT TO THE FEDERAL RULES OF EVIDENCE**

36.     Assuming arguendo that the Court finds that Plaintiff has offered sufficient evidence to establish constructive or actual notice on the part of Dollar Tree, the evidence is inadmissible pursuant to the Federal Rules of Evidence as it contains hearsay within hearsay.

37.     Generally, under the Federal Rules of Evidence, hearsay is inadmissible. FED. R. EVID. 802. "'Hearsay is a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). In addition, "[h]earsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to rule." Fed. R. Evid. 805.

38.     In regard to statements made by employees Rule 801(d)(2) only allows the statement's admissibility if it "was made by a person whom the party [*8]  authorized to make a statement on the subject" or "was made by the party's agent or employee within the scope of that relationship and while it existed." See FED. R. EVID. 801(d)(2)(C)-(D).

39.     However, in this instance, the alleged statement made by the alleged Dollar Tree employee, contains hearsay within hearsay as it repeats a statement made by an unknown declarant, which does not fall within an exception under the Federal Rules of Evidence.

40.     As mentioned, at his deposition, Plaintiff testified that he overheard an unidentified Dollar General Employee repeat a statement to an officer and EMT." See Exhibit "B" at p. 72.  When asked to describe what he heard, Plaintiff testified:

> A:     That prior to my fall a woman had come and **told her** that she had
>
> dropped a bottle of detergent on the floor as she was heading out the door.
>
> Q:     Did she say how long—did she say when she told her that? Like what time
>
> she told her that before your fall, or after your fall, or anything like that?
>
> A:     she said about ten minutes before.
>
> Q:     So, she told you that the exact time was ten minutes before?
>
> A:     She wasn't speaking to me directly. She was talking to the EMT's and
>
> police. See Exhibit "B" at pp. 39 – 40.

41.     The statement made by the unknown declarant to the Dollar Tree cashier was not made during testimony and is only offered for the truth of the matter asserted, thus constituting hearsay. No exception under the Federal Rules of Evidence applies to the unknown declarant's statement. Thus the testimony is inadmissible and there is no evidence offered to suggest that Dollar Tree had notice of the alleged defective condition.  Plaintiff has presented no evidence whatsoever regarding notice.

42.     Accordingly, Moving Defendant, Dollar Tree, respectfully requests that this Honorable Court grant its Motion for Summary Judgment, dismissing all of Plaintiff's claims against it, with prejudice.

IV.     **CONCLUSION**

43.     For the foregoing reasons, Dollar Tree requests that its Motion for Summary

Judgment be granted and Plaintiff's claims be dismissed with prejudice.

**WHEREFORE**, Moving Defendant, Dollar Tree, respectfully requests that this

Honorable Court grant its Motion for Summary Judgment and enter its Proposed Order.

**POST & SCHELL, P.C.**

**BY**: _____

**DATED:** January 30, 2019                    MARC H. PERRY, ESQUIRE
                                               AARON L. DUNBAR, ESQUIRE
                                               Attorneys for DEFENDANTS

18264932v1

POST & SCHELL, P.C.
BY:  MARC H. PERRY, ESQUIRE
E-MAIL: mperry@postschell.com
I.D. # 68610
AARON L. DUNBAR, ESQUIRE
E-MAIL: aldunbar@postschell.com
I.D. # 317773
FOUR PENN CENTER, 13TH FLOOR
1600 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA  19103-2808
215-587-1000

ATTORNEYS FOR DEFENDANT

| | |
|---|---|
| GREGORY NELSON,<br><br>              Plaintiff,<br><br>        v.<br><br>DOLLAR TREE, INC.,<br><br>            Defendant | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA<br><br><br>No. 2:18-CV-02242 |

## _MEMORANDUM OF LAW_ IN SUPPORT OF DEFENDANT, DOLLAR TREE, INC. MOTION FOR SUMMARY JUDGMENT

### I.   MATTER BEFORE THE COURT:

Defendant, Dollar Tree Inc. ("Dollar Tree," or "Moving Defendant") Motion for Summary Judgment.

### II.   QUESTION PRESENTED:

A. Should this Honorable Court grant Dollar Tree's Motion for Summary Judgment, where Plaintiff, Gregory Nelson, fails to present any evidence whatsoever which would show that Dollar Tree had actual or constructive notice of the alleged defective condition that caused the accident?

_Suggested Answer: Yes._

B.  Should this Honorable Court consider evidence that is inadmissible under the Federal Rules of Evidence to establish actual or constructive notice on the part of Dollar Tree?

*Suggested Answer: No.*

III.  <u>STATEMENT OF UNDISPUTED FACTS:</u>

This action arises of Plaintiff, Gregory Nelson's alleged slip and fall accident that occurred on September 14, 2016, while Plaintiff was shopping at Dollar Tree located at 1100 Chester Pike, Sharon Hill, Pennsylvania. Plaintiff's Complaint alleges that he was a business invitee at the Dollar Tree store when he "slipped and fell on liquid, believed to laundry detergent." *See* Exhibit "A," ¶ 8. Plaintiff's Complaint alleges that Dollar Tree was negligent in its alleged failure to warn, inspect, maintain and/or exercise due and reasonable care of the defective condition on the premises. *See* Exhibit "A," ¶ 10.

Plaintiff testified during his January 21, 2019 deposition that he was walking down the cleaning supply aisle when he "slipped in something and fell." <u>See</u> a true and correct copy of Plaintiff's January, 21 2019 Deposition Transcript, attached hereto as Exhibit "B," p. 37, lines 20–22. Plaintiff had been inside the store approximately 2 minutes before the alleged accident. Id at pg. 38,39. Plaintiff did not provide a description of the condition or substance that caused the alleged fall or duration of how long it existed prior to the accident.

Plaintiff testified that after the alleged accident, he overheard an alleged Dollar Tree employee state that she was told by an unidentified customer, that the customer dropped detergent in the aisle ten (10) minutes prior to the accident. <u>Id</u>. at pg. 39,40. Plaintiff described the alleged employee as ""white, maybe 5'5, 5'6" wearing a green store shirt. . <u>Id</u>. at pg. 40.

Plaintiff Testified that he overheard this statement as it was being made to a Sharon Hill Police Officer and EMT personnel. <u>Id</u>. The investigating police officer, Michael Attix, testified in his January 21, 2019 deposition that no statements were made to him concerning the duration of the substance existence on the floor. <u>See</u> a true and correct copy of Sharon Hill Police Officer, Micheal Attix's January, 21 2019 Deposition Transcript, attached hereto as Exhibit "C," p. 10, 12, 13.

## IV.    <u>STANDARD OF REVIEW:</u>

*Federal Rule of* Civil *Procedure* 56 states, in pertinent part, that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." <span style="font-variant:small-caps">Fed. R. Civ. P</span>. 56(a)*.* A factual dispute is only "material" if it might affect the outcome of the case, and an issue is only "genuine" if a reasonable fact-finder is able to return a verdict in favor of the non-moving party. <u>Anderson v. Liberty Lobby, Inc</u>., 477 *U.S.* 242, 248, 106 *S. Ct.* 2505, 91 *L. Ed.* 2d 202 (1986).

Put differently, in order to prevail on a motion for summary judgment, the movant must show "that there is an absence of evidence to support the non-moving party's claims." <u>Celotex Corp. v. Catrett,</u> 477 *U.S.* 317, 325, 106 *S. Ct.* 2548, *L.Ed.* 2d 265 (1986)). Although the evidence must be viewed in the light most favorable to the non-moving party, the non-moving party may not rely solely upon the pleadings to survive a motion for summary judgment. <u>Berckeley Inv. Grp. Ltd. V. Colkitt,</u> 455 *F.*3d 195, 201 (3d Cir. 2006). Rather, once the movant has carried its initial burden, the non-moving party "must rebut the motion with facts in the record" essential to her case. *Id.* Applying these principles to the facts of the present case, Dollar Tree is entitled to judgment as a matter of law.

18264932v1

## V.    LEGAL ARGUMENT

### A.    Plaintiffs Has Failed Establish that Dollar Had Actual or Constructive Notice of the Alleged Defective Condition.

A possessor of property is not an insurer of the safety of those on his premises.  Martino v. Great Atlantic and Pacific Tea Co., 419 Pa. 229, 213 A.2d 608 (1965).  As such, the mere existence of a harmful condition in a public place of business or the mere happening of an accident due to such conditions is neither evidence of a breach of a duty of care, nor does it raise a presumption of negligence.  Meyers v. Penn Traffic Co., 606 A.2d 926 (Pa. Super. 1992) quoting Moultrey v. Great Atlantic & Pacific Tea Co., 281 Pa. Super. 525, 529 30, 422 A.2d 593, 596 (1980).

The duty which a possessor of land owes to an invitee is set forth in the Restatement (Second) of Torts § 343.  That section provides: A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he:

(A)      knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (B) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (C) fails to exercise reasonable care to protect them against the danger. Restatement (Second) of Torts, § 343; Moultrey v. Great A & P Tea Co., 281 Pa. Super. 525, 529-30, 422 A.2d 593, 595-96 (1980).

To impose liability on the possessor of land, the invitee must present evidence which proves that the possessor deviated from its duty of reasonable care under the circumstances. Harmotta v. Bender, 411 Pa. Super. 371, 601 A.2d 837 (1992). However, if the transitory condition is traceable to persons other than those for whom the owner is ordinarily accountable, there must be actual notice or constructive notice that the condition existed for such a length of

time that in the exercise of reasonable care it should have been discovered. D'Aprile v. Rolling

Hill Hosp., 28 Pa. D. & C.4th 430, 433 (Pa. C.P. 1995)

The invitee must present evidence which shows that the landowner knew, or in the

exercise of reasonable care, should have known of the existence of the defective condition.  Id.

In other words, Plaintiff bears the burden of proving that the party who owed him a duty had

**actual or constructive notice** of a harmful condition causing the injury.  Estate of Swift by

Swift v. Northeastern Hospital, 690 A.2d 719, 722 (Pa. Super. 1997).

The duration of the hazard is important because if a hazard only existed for a very short

period of time before causing any injury, then the possessor of the land, even "by the exercise of

reasonable care," would not discover the hazard, and thus would owe no duty to protect invitees

from such a hazard. Felix v. GMS, Zallie Holdings, Inc., 827 F. Supp. 2d 430, 437 (E.D. Pa.

2011), aff'd, 501 F. App'x 131 (3d Cir. 2012) (affirming summary judgment where there was

"insufficient evidence that Defendants either caused the dangerous condition or had actual notice

of the dangerous condition").

In Canton v. Kmart Corp., plaintiff filed a negligence claim against defendant, in which

she alleged to have slipped and fell on a clear substance while shopping in the defendant's store.

Canton v. Kmart Corp., 2010 U.S. Dist. LEXIS 12646, *1, 2010 WL 545718[3]. Defendant filed a

motion for summary judgment, arguing that Plaintiff failed to establish that defendant had notice

of the defective condition. Id. Plaintiff claimed that after the fall, a witness overheard the

defendant's employee state that a customer had spilled liquid prior to the fall. Id at 7. The

Witness described the employee, who made the statement as "dark skinned and slim and short,

---

[3] Also see Canton v. Kmart Corp., Fed. App'x 79, 87 (3d Cir. 2012). Plaintiff appealed the District Courts holding and the United States Court of Appeals Third Circuit upheld the District Courts holding, thereby denying Plaintiff's appeal.  In its reasoning the United States Court of Appeals acknowledge that " there was no statement in the record indicating that uncovering the employee's identity was inhibited in any way."Id. at 84.

with straight hair" wearing a Kmart badge, but she was unable to make out the name on the badge. Id. The court held that plaintiff failed establish that the defendant had actual or constructive notice because failure to identify the speaker made it impossible to determine whether the person was indeed an employee, who was speaking within the scope of her employment. Id at 7,8.[4]

In this instance, the facts are identical to those in Canton. Here, Plaintiff claims to have overheard an alleged Dollar Tree employee repeat a statement made by another unknown individual. Plaintiff described the alleged employee as "white, maybe 5'5, 5'6" wearing a green store shirt. This description, just as the description in Canton is insufficient to establish the identity of the speaker. There was no evidence offered describing the uniforms of Dollar Tree employees or whether the alleged employee was acting within the scope of her employment.

Further, Plaintiff could not provide the name of the alleged employee. Thus, Plaintiff fails to offer any evidence that establishes that the alleged defective condition existed for a sufficient amount of time to prove that Dollar Tree had actual or constructive notice of it. Just as in *Canton*, this Court should hold accordingly.

---

[4] The District Court also held that the statement was classic hearsay that did not fall within an exception under the Federal Rules of Evidence. Id at 7,8. Also see *See Hughey v. The Home Depot USA, Inc.*, No 08-03213, 2009 U.S. Dist. LEXIS 63737, *3, [WL] (E.D. Pa. July 23, 2009) (Robreno, J.) (without the identity of employee, unable to determine if an admission made within the scope of employment); *Carden v. Westinghouse Electric Corp.*, 850 F.2d 996, 1002 (3d Cir. 1988) [*9] (finding double hearsay declaration inadmissible as an admission of a party opponent because the original declarant was unknown. "[B]ecause [the declarants] are unidentified, the record could not, and does not, establish that [the statement] was within the scope of their employment");*U.S. v. Cruz,* 910 F.2d 1072, 1081 n. 10 (3d Cir. 1990) (without knowing the identity of a declarant, "the indicia of reliability embodied in the FED. R. EVID. 801(d)(2)(D) non-hearsay definition were absent, and the statement had to be excluded."); *Zaken v. Boerer,* 964 F.2d 1319, 1324 (2d Cir. 1992) ("[W]ithout identification of the declarant, the statement … did not have a sufficient evidentiary foundation to establish the existence of an agency relationship as required under Rule 801(d)(2)(D)").

**B. The Evidence Presented by Plaintiff is Inadmissible Pursuant to The Federal Rules of Evidence**

Assuming arguendo that the Court finds that Plaintiff has offered sufficient evidence to establish constructive or actual notice on the part of Dollar Tree, the evidence is inadmissible pursuant to the Federal Rules of Evidence as it contains hearsay within hearsay. Generally, under the Federal Rules of Evidence, hearsay is inadmissible. FED. R. EVID. 802. "'Hearsay is a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). In addition, "[h]earsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to rule." Fed. R. Evid. 805.

In regard to statements made by employees Rule 801(d)(2) only allows the statement's admissibility if it "was made by a person whom the party [*8] authorized to make a statement on the subject" or "was made by the party's agent or employee within the scope of that relationship and while it existed." See FED. R. EVID. 801(d)(2)(C)-(D). However, in this instance, the alleged statement made by the alleged Dollar Tree employee, contains hearsay within hearsay as it repeats a statement made by an unknown declarant, which does not fall within an exception under the Federal Rules of Evidence.

As mentioned, at his deposition, Plaintiff testified that he overheard an unidentified Dollar General Employee repeat a statement to an officer and EMT." See Exhibit "B" at p. 72. When asked to describe what he heard, Plaintiff testified:

A:      That prior to my fall a woman had come and **told her** that she had

dropped a bottle of detergent on the floor as she was heading out the door.

Q:     Did she say how long—did she say when she told her that? Like what time she told her that before your fall, or after your fall, or anything like that?

A:     she said about ten minutes before.

Q:     So, she told you that the exact time was ten minutes before?

A:     She wasn't speaking to me directly. She was talking to the EMT's and police. See Exhibit "B" at pp. 39 – 40.

The statement made by the unknown declarant to the Dollar Tree cashier was not made during testimony and is only offered for the truth of the matter asserted, thus constituting hearsay. No exception under the Federal Rules of Evidence applies to the unknown declarant's statement. Thus the testimony is inadmissible and there is no evidence offered to suggest that Dollar Tree had notice of the alleged defective condition. Plaintiff has presented no evidence whatsoever regarding notice.

Accordingly, Moving Defendant, Dollar Tree, respectfully requests that this Honorable Court grant its Motion for Summary Judgment, dismissing all of Plaintiff's claims against it, with prejudice.

## VI.   <u>CONCLUSION</u>

1.     For the foregoing reasons, Dollar Tree requests that its Motion for Summary Judgment be granted and Plaintiff's claims be dismissed with prejudice.

**WHEREFORE**, Moving Defendant, Dollar Tree, respectfully requests that this

Honorable Court grant its Motion for Summary Judgment and enter its Proposed Order.

**POST & SCHELL, P.C.**

**BY**: _____

**DATED:** January 29, 2019

MARC H. PERRY, ESQUIRE
AARON L. DUNBAR, ESQUIRE
Attorneys for DEFENDANTS

18264932v1

## <u>CERTIFICATE OF SERVICE</u>

MARC H. PERRY, ESQUIRE hereby states that a true and correct copy of the foregoing Motion for Summary Judgment is to be electronically filed with the Court and served electronically by the Court upon counsel of record

**POST & SCHELL, P.C.**


**BY**: _____

**DATED:** January 29, 2019                    MARC H. PERRY, ESQUIRE
                                               AARON L. DUNBAR, ESQUIRE
                                               Attorneys for DEFENDANT

18264932v1