IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY NELSON,<br><br>              Plaintiff,<br><br>   v.<br><br>DOLLAR TREE, INC.<br><br>              Defendant. | CIVIL ACTION<br>NO. 18-2242 |

## OPINION

**Slomsky, J.**                                                                 **March 18, 2019**

### I.    INTRODUCTION

This is a personal injury case arising out of Plaintiff Gregory Nelson's ("Plaintiff") slip and fall accident at a Dollar Tree store owned by Defendant Dollar Tree, Inc. ("Defendant"). Before the Court is Defendant's Motion for Summary Judgment. (Doc. No. 38.) Defendant argues that it is entitled to judgment as a matter of law on Plaintiff's claim for negligence because there is insufficient evidence to establish that Defendant had notice of the spilled detergent on the floor of the Dollar Tree that allegedly caused Plaintiff to fall. Plaintiff submits to the contrary that a statement made by an employee of the Dollar Tree establishes that Defendant had notice of the detergent spill at least ten minutes before Plaintiff's accident. (Doc. No. 42.)

After careful review of the record, the Court finds that Plaintiff has presented enough evidence to create a genuine issue of material fact as to whether Defendant had actual notice of the detergent spill prior to his accident. Accordingly, the Court will deny Defendant's Motion for Summary Judgment (Doc. No. 38).

1

## II. BACKGROUND

On September 14, 2016, Plaintiff, a 57-year old male, was shopping for cleaning supplies at the Dollar Tree store located at 1100 Chester Pike, Sharon Hill, Pennsylvania.[1] (Doc. No. 38 ¶ 1; Doc. No. 38-2 at 8:17, 34:10-19.) Plaintiff had been in the store for about two minutes when he slipped and fell on a liquid believed to be laundry detergent in the cleaning supply aisle. (Doc. No. 38 ¶ 2; Doc. No. 38-2 at 35:13-17, 37:20-24.) Plaintiff fell forward onto his knees and sustained several serious and permanent injuries. (Id.)

At his deposition, Plaintiff testified that he did not know how long the liquid had been on the floor prior to his slip and fall. (Doc. No. 38-2 at 39:5-7.) Plaintiff testified that after the fall, however, he overheard the store cashier tell Emergency Medical Technicians ("EMTs") and police officers that a customer had informed her of the spilled detergent about ten minutes before the incident. Plaintiff specifically testified to the following:

> Q: Did anyone make any statements to you after you fell about how long that liquid was on the floor?
>
> A: Yes.
>
> Q: Who made the statement?
>
> A: The cashier.
>
> Q: What was the cashier's name?
>
> A: I don't know.
>
> Q: What did the cashier say?

---

[1] According to the deposition testimony of Harry Mackey, Defendant's District Manager, the Sharon Hill location is the smallest Dollar Tree store in the region, with approximately 6,000 square feet of space. (Doc. No. 42 at 50.) Because of the relatively small size of this Dollar Tree location, Mackey testified that employees communicate with each other and with store management verbally, and do not use phones or call buttons which are used in some of the other larger Dollar Tree stores. (Id. at 50-51.)

> A: That prior to my fall a woman had come and told her that she had dropped a bottle of detergent on the floor as she was heading out the door.
>
> Q: Did she say how long – did she say when she told her that? Like what time she told her that before your fall, or after your fall, or anything like that?
>
> A: She said about ten minutes before.
>
> Q: So, she told you that the exact time was ten minutes before?
>
> A: She wasn't speaking to me directly. She was talking to the EMT's and the police.

(Doc. No. 38-2 at 39:8-40:4.) Plaintiff described the cashier as being "white, maybe 5'5, 5'6" and wearing "the store shirt, green." (Doc. No. 38-2 at 40:10-14.)

Immediately after the accident, Plaintiff was taken by ambulance to the emergency room at Mercy Fitzgerald Hospital where he was treated for injuries to his knees, legs, hip, and lower back. (Doc. No. 38-2 at 48:18-49:1.) Plaintiff was discharged from the hospital later that same day and instructed to follow-up with a personal physician. (Doc. No. 38-2 at 50:1-6.) To date, Plaintiff has undergone extensive treatment for his injuries, even undergoing a laminectomy on May 3, 2017 for an injury to his back. (Doc. No. 38-2 at 54-57, 59:8-9.)

On May 3, 2018, Plaintiff initiated this case in the Court of Common Pleas of Philadelphia County. (Doc. No. 38-1.) Plaintiff claims that Defendant's negligent conduct caused him to slip and fall. Specifically, Plaintiff alleges that Defendant failed to keep the Sharon Hill Dollar Tree store in a safe condition; failed to monitor the store; failed to warn business invitees of dangerous conditions; failed to block off the dangerous areas of the premises; failed to inspect and maintain the store; failed to comply with various building codes and regulations; and failed to exercise proper care with respect to the store. (Doc. No. 38-1 at 4-5.)

On May 29, 2018, Defendant removed the case to this Court based on diversity of citizenship jurisdiction, and the case was assigned to the Honorable Gene E.K. Pratter. (Doc. No.

1.) The parties proceeded to discovery.[2] Then, as noted in Footnote 2, on November 26, 2018, while the parties were still engaging in discovery, the case was reassigned to the Honorable Chad F. Kenney. (Doc. No. 12.) Finally, on January 23, 2019, the case was reassigned to this Court for all further proceedings. (Doc. No. 36.) On February 1, 2019, Defendant filed the instant Motion for Summary Judgment. (Doc. No. 38.) On February 21, 2019, Plaintiff filed a Response in Opposition to Defendant's Motion (Doc. No. 42), and Defendant filed a Reply on February 28, 2019 (Doc. No. 45).

### III. STANDARD OF REVIEW

Granting summary judgment is an extraordinary remedy. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reaching this decision, the court must determine whether "the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Favata v. Seidel, 511 Fed. App'x 155, 158 (3d Cir. 2013) (quoting Azur v. Chase Bank, USA, Nat'l Ass'n, 601 F.3d 212, 216 (3d Cir. 2010)). A disputed issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. Kaucher v. Cty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). For a fact to be considered "material," it "must have the potential to alter the outcome of the case." Favata, 511 Fed. App'x

---

[2] According to the Scheduling Order entered in this case by Judge Pratter on July 20, 2018, the parties' original deadline to complete discovery was on November 16, 2018. (Doc. No. 9.) There is no extension to this discovery deadline in the record. Upon review of the docket and based on the parties' conduct in litigating this case, however, it appears that discovery continued well past the November 16, 2018 deadline and into January 2019. In fact, at a January 11, 2019 hearing before the Honorable Chad Kenney, to whom this case was assigned on November 16, 2018, the parties discussed upcoming witness depositions and counsel for Defendant stated that they were "almost complete discovery." (See Doc. No. 34.)

at 158. Once the proponent of summary judgment "points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." Id. (quoting Azur, 601 F.3d at 216).

In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. (alteration in original) (quoting Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 181 (3d Cir. 2009)). The Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. Anderson, 477 U.S. at 247-49. Whenever a factual issue arises which cannot be resolved without a credibility determination, at this stage the court must credit the nonmoving party's evidence over that presented by the moving party. Id. at 255. If there is no factual issue, and if only one reasonable conclusion could arise from the record regarding the potential outcome under the governing law, summary judgment must be awarded in favor of the moving party. Id. at 250.

## IV.  ANALYSIS

Defendant argues it is entitled to summary judgment on Plaintiff's negligence claim because (1) Plaintiff has failed to put forth evidence establishing that Defendant had notice of detergent on the floor of the Dollar Tree prior to Plaintiff's accident, and (2) the only evidence put forth by Plaintiff to prove that Defendant allegedly had notice of the detergent cannot be considered by the Court because it is inadmissible hearsay. (Doc. No. 38.) Plaintiff contests both points, arguing in opposition that (1) Defendant had actual notice of the detergent spill because a customer informed the Dollar Tree cashier of the spill approximately ten minutes before Plaintiff's fall, and (2) Plaintiff's evidence of the cashier's conversation is not inadmissible hearsay within hearsay, but rather admissible to prove notice and as a statement of a party opponent. (Doc. No. 42.)

For the reasons discussed infra, the Court agrees with Plaintiff that the conversation overheard between the Dollar Tree cashier and EMTs and police officers is not barred by the rule against hearsay and, for this reason, there exists a genuine issue of material fact precluding summary judgment on whether Defendant had notice of the spilled detergent in its store prior to Plaintiff's accident. Consequently, the Court will deny Defendant's Motion for Summary Judgment.

A.  **Premises Liability Under Pennsylvania Law**

Under Pennsylvania law,[3] the elements of a negligence cause of action are: "(1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting in harm to the interests of another." Bowman v. Wal-Mart Stores East, LP, No. 14-3182, 2015 WL 568570, at *3 (E.D. Pa. Feb. 10, 2015) (citing Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 139 (3d Cir. 2005)).

Where, as is the case here, the negligence claim is based on premises liability, "'[t]he standard of care a possessor of land owes to one who enters upon the land depends upon whether the person entering is a trespasser, licensee, or invitee.'" McDowell v. Moran Foods, LLC, 680 Fed. App'x 72, 72 (3d Cir. 2017) (quoting Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983)). A business invitee is "'a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.'" Falcone v. Speedway LLC, No. 14-2188, 2017 WL 220326, at *2 (E.D. Pa. Jan. 19, 2017) (quoting Charlie v. Erie Ins.

---

[3] Because the Court's jurisdiction over this case is based on diversity of citizenship between the parties, the Court will apply the substantive law of Pennsylvania. Sheridan v. NGK Metals Corp., 609 F.3d 239, 253 (3d Cir. 2010).

Exch., 100 A.3d 244, 253 (Pa. Super. Ct. 2014)) (internal quotation omitted). A customer of a store is a business invitee. Pace v. Wal-Mart Stores East, LP, 337 F. Supp. 3d 513, 518 (E.D. Pa. 2018).

As compared to other categories, a landowner owes the highest duty of care to a business invitee. Falcone, 2017 WL 220326, at *2 (citing Truax v. Roulhac, 126 A.3d 991, 997 (Pa. Super. Ct. 2015)). Under this duty, a landowner must protect a business invitee not only from "known dangers," but also "from dangers that might be discoverable with reasonable care." Id. More specifically, Pennsylvania law sets forth the following liability standard for landowners with respect to invitees:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

King v. Rocktenn CP, LLC, 643 Fed. App'x 180, 182 (3d Cir. 2016) (quoting Atkins v. Urban Redevelopment Auth. of Pittsburgh, 414 A.2d 100, 103-04 (Pa. 1980) (quoting Restatement (Second) of Torts § 343 (1965))).

Generally, plaintiffs have a difficult task proving slip and fall cases that involve foreign substances on the floor of a store. David by Berkeley v. Pueblo Supermarket of St. Thomas, 740 F.2d 230, 233-34 (3d Cir. 1984). The three main issues in such cases involve:

> (1) Was there a foreign substance on the floor?
>
> (2) What notice, either actual or constructive, did the employees or the management have of this particular condition which involves "an unreasonable risk of harm" to the business invitees?

7

(3) Absent direct testimony proving actual notice, was the foreign substance on the floor long enough to give management or employees constructive notice of this potential "unreasonable risk of harm"?

Id. (citing Restatement (Second) of Torts § 343 (1965)).

Here, the parties agree to the presence of a foreign substance on the floor of the Dollar Tree. Thus, the issue is whether Defendant had notice of the foreign substance – the detergent – on the floor prior to Plaintiff's slip and fall. Falcone, 2017 WL 220326, at *2 (quoting Moultrey v. Great A&P Tea Co., 422 A.2d 525, 535 (Pa. Super. Ct. 1980)). As discussed below, the Court is satisfied that the evidence produced by Plaintiff creates a genuine issue of material fact with respect to whether Defendant had actual notice of the detergent spill.

### B. Actual Notice[4]

To establish actual notice of a dangerous condition, a plaintiff must show that the store was informed of the dangerous condition – here, the detergent spill – prior to the accident. Canton v. Kmart Corp., 470 Fed. App'x 79, 83 (3d Cir. 2012). To prove actual notice, Plaintiff relies on the conversation he overheard between an unidentified Dollar Tree cashier and EMTs and police officers. Recalled here, and as quoted supra, Plaintiff testified at his deposition to the following:

> Q: Did anyone make any statements to you after you fell about how long that liquid was on the floor?
>
> A: Yes.
>
> Q: Who made the statement?
>
> A: The cashier.
>
> Q: What was the cashier's name?

---

[4] Upon review of the record, Plaintiff and Defendant appear to conflate "actual notice" with "constructive notice," using the terms interchangeably despite actual notice and constructive notice being distinct legal concepts. In this case, the parties' arguments center around actual notice because the evidence to prove notice is focused on the statement Plaintiff allegedly overheard the Dollar Tree cashier make to EMTs and police officers. Consequently, the Court will address only actual notice in this Opinion.

A: I don't know.

Q: What did the cashier say?

A: That prior to my fall a woman had come and told her that she had dropped a bottle of detergent on the floor as she was heading out the door.

Q: Did she say how long – did she say when she told her that? Like what time she told her that before your fall, or after your fall, or anything like that?

A: She said about ten minutes before.

Q: So, she told you that the exact time was ten minutes before?

A: She wasn't speaking to me directly. She was talking to the EMT's and the police.

(Doc. No. 38-2 at 39:8-40:4.) Defendant contends that the cashier's statements constitute inadmissible double hearsay and cannot be considered for purposes of deciding the Motion for Summary Judgment. The Court disagrees.

It is well established that "[h]earsay statements that would be inadmissible at trial may not be considered for purposes of summary judgment." See Smith v. City of Allentown, 589 F.3d 684, 693 (3d Cir. 2009). "Hearsay" is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). The general rule is that hearsay evidence is not admissible. Fed. R. Evid. 802.

In this case, Plaintiff's testimony regarding the cashier's statement implicates double hearsay because it describes (1) a statement a customer made to the cashier, and (2) a statement the cashier made to EMTs and police officers. Double hearsay, also known as "hearsay within hearsay," is not automatically inadmissible if "each part of the combined statements conforms with an exception to the rule [against hearsay]." Fed. R. Evid. 805. The Court is satisfied that both the

9

customer's statements to the cashier and cashier's statements to the EMTs and police officers are not barred by the rule against the use of hearsay.

### 1. The Statement Made By The Customer Is Not Barred By The Rule Against The Use Of Hearsay

The statement made by the customer of the Dollar Tree to the cashier informing her of detergent on the floor is not barred by the rule against hearsay. This is so, because the statement can be viewed in one of two ways: (1) as a statement to prove notice on the part of the Defendant, or (2) as a statement constituting a present sense impression, which is an exception to the hearsay rule. In opposing summary judgment, Plaintiff argues the first viewpoint – that the customer's statement is admissible because it is not being offered for its truth but is only being introduced to prove that Defendant had notice of the detergent spill prior to Plaintiff's accident. Given this use of the statement, Plaintiff argues it is not hearsay as defined under Rule 801(c). The Court agrees.

As previously noted, a hearsay statement must be one that is offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Where a statement is offered not to prove its truth, but for another purpose such as notice, the statement does not meet the definition of hearsay and it is exempt from the rule. See Parham v. Johnson, 126 F.3d 454, 460 (3d Cir. 1997) (finding that a warning label on a bottle of prescription medication was not a written hearsay statement because it was not being used to prove the contents of the warning label, only that the prescribing doctor had notice of the warning label's existence) (citing 5 Jack B. Weinstein, Weinstein's Federal Evidence § 801.03(1), at 801-11 (2d ed. 1997)). In this case, because Plaintiff is using the customer's statement to prove that the cashier of the Dollar Tree and, consequently, Defendant, had notice of the detergent spill, it is admissible as "non-hearsay."

In addition, the statement of the customer also is admissible because it falls within an exception to the rule against hearsay known as "present sense impression." Under Federal Rule

of Evidence 803(1), an out-of-court statement is admissible as a present sense impression if it is "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." The present sense impression exception to hearsay has three requirements: "(1) the declarant must have personally perceived the event described; (2) the declaration must be an explanation or description of the event rather than a narration; and (3) the declaration and the event described must be contemporaneous." See United States v. Mitchell, 145 F.3d 572, 576 (3d Cir. 1998).

In this case, the statement made by the customer to the Dollar Tree cashier meets each of these three elements. First, the customer personally perceived the event – the detergent spill – because she states that she was the person to drop the bottle of detergent and cause the spill. Second, the customer described this event to the cashier and did not provide a narration. Lastly, the customer's statement was made nearly contemporaneous with the event because she told the cashier about accidentally dropping the bottle of detergent just after it had happened and on her way out of the store. Accordingly, the Court is satisfied that the customer's statement, even if introduced for its truth, is a statement of present sense impression that can be admitted under the exception to the rule against hearsay.

### 2. The Statement Made By The Cashier Of The Dollar Tree Is Not Barred By The Rule Against Hearsay

The statement made by the cashier to the EMTs and the police officers is not hearsay because it qualifies as an admission of a party opponent under Federal Rule of Evidence 801(d)(2)(D). Rule 801(d)(2)(D) provides that a statement is not hearsay if offered against an opposing party and "made by the [opposing] party's agent or employee on a matter within the scope of that relationship and while it existed." It is crucial under Rule 801(d)(2)(D) that "the statement must concern a matter within the scope of the declarant's employment." Canton v.

Kmart Corp., No. 05-0143, 2010 WL 545718, at *3 (D.V.I. Feb. 12, 2010) (citing Blackburn v. U.P.S., 179 F.3d 81, 97 (3d Cir. 1999)).

Defendant argues that Rule 801(d)(2)(D) requires that the declarant be an identified employee and that because Plaintiff could not identify the Dollar Tree cashier by name, her statements to the EMTs and police officers do not qualify under 801(d)(2)(D) as statements of a party opponent. (Doc. No. 38 at 15-18.) In support of this argument, Defendant relies on Canton v. Kmart Corp., No. 05-0143, 2010 WL 545718, at *3 (D.V.I. Feb. 12, 2010), aff'd, 470 Fed. App'x 79 (3d Cir. 2012). Contrary to Defendant's contention, however, the Court is not convinced that Canton dictates the outcome of this case.

In Canton, the plaintiff slipped and fell on lavender-colored soap that had spilled on the floor of a Kmart store owned and operated by the defendant. 2010 WL 545718, at *1. The plaintiff sued defendant for negligence. Id. During discovery, the parties deposed Carolyn Roberts ("Roberts"), another Kmart customer who was in the store at the time plaintiff slipped and fell. Id. at *3. Roberts testified to hearing an unidentified Kmart employee say "[s]omeone did tell me something's on the floor. But I didn't go right away to see what it was." Id. (alteration in original). Roberts described this employee as "a slim woman with dark skin wearing a Kmart badge," but could not otherwise identify the employee's name, job, or title. Id.

The defendant moved for summary judgment, arguing that Roberts' hearsay testimony did not qualify as an admission of a party's employee under 801(d)(2)(D) and that without Roberts' testimony, plaintiff had no evidence of actual or constructive notice. The district court inferred that the statement overhead by Roberts was made by a Kmart employee. Id. But despite making that inference, the court concluded that the statement was not admissible under 801(d)(2)(D) because the plaintiff could not show that the "unidentified employee was speaking within the scope

12

of her employment." Id. The district court noted that "[w]ithout knowing the declarant's employment relationship or job position, one can not determine whether the statement regarding the spill fell within the scope of her employment." Id.

Although the district court took issue with the fact that the Kmart employee who made the statement could not be identified, the court focused heavily on the overall reliability of Roberts' testimony. Id. at *4. In refusing to consider the statements of the unidentified employee, the court emphasized the unreliability of the testimony as follows:

> A look at Roberts' testimony reveals how unreliable it is. Her testimony is speculative. There is nothing in her testimony from which one could find when the alleged declarant learned of a spill or even whether it was the same spill. Indeed, Roberts testified that she was unaware of when the declarant had been told of the spill. Roberts "guessed" that this person was responsible for the area where Canton fell. She was "not sure" if the person was talking to another Kmart employee or someone else. Nor did she know if this person was referring to the same area where Canton fell. This evidence, standing alone, is insufficient to prove that Kmart had actual notice of the spill before Canton fell.

Id.

On appeal, the Third Circuit Court of Appeals affirmed, noting that without the identity of the Kmart employee, it was impossible to know if her statement was within the scope of employment. 470 Fed. App'x at 85. Like the district court, the Court of Appeals emphasized the unreliability of Roberts' testimony:

> In the instant case, the issue involves a statement made by an unidentified person thought to be a Kmart employee. We find it curious that after voluminous discovery, including numerous depositions, the employee who purportedly made this damning statement was never found. The inability to identify the speaker of the statements Ms. Roberts alludes to undermines any notion that this hearsay statement is reliable.

Id.

This case, while also a slip and fall case, is distinct from Canton in several instances. First, in Canton, the court could not determine whether the Kmart employee's statements were made

13

within the scope of her employment for purposes of 801(d)(2)(D) because plaintiff had failed to identify not only the employee's name, but also her job position. Without the plaintiff's job position, it was impossible for the court in Canton to discern whether the employee of Kmart, a large big-box store, would have any degree of responsibility for the soap spill. A crucial difference in this case is that the job position of the Dollar Tree employee is known. Plaintiff testified that it was the Dollar Tree cashier who made the statement to EMTs and police officers. This job description, combined with the fact that the Dollar Tree location where Plaintiff fell was a 6,000 square-foot store with a relatively small number of employees working at a given time, makes the employee's scope of employment determinable. To that end, the Court is satisfied that the Dollar Tree cashier's scope of employment would include some degree of responsibility for the detergent spill that caused Plaintiff's fall. In addition, the person responsible for the spill here is identified and the time from the spill to the moment of the accident is noted.

Second, the reliability concerns raised in Canton with respect to Roberts' testimony are not at issue here. In this case, Plaintiff personally overheard the cashier's conversation with the EMTs and police officers, whereas in Canton, it was Roberts, another store customer, who allegedly overheard the employee's statements. Moreover, in Canton, Roberts was "not sure" with whom the employee was speaking at the time, but here, Plaintiff positively testified to the Dollar Tree employee speaking with the EMTs and officers.

Third, the statement made by the Kmart employee in Canton is substantially different from the statement made by the cashier of the Dollar Tree in this case. In Canton, the Kmart employee said, "[s]omeone did tell me something's on the floor. But I didn't go right away to see what it was." 2010 WL 545718, at *3. As the district court commented, the Kmart employee's vague statement said nothing about "when the alleged declarant learned of a spill or even whether it was

the same spill." Id. at *4. In this case, as noted above and unlike in Canton, the cashier's statement speaks to this exact information: the statement reveals (1) that the cashier was informed of the same detergent spill that caused Plaintiff's accident and (2) that the spill occurred approximately ten minutes before Plaintiff fell.

Even without the Dollar Tree cashier's name, the Court is satisfied that the cashier's statement was made within the scope of her employment and therefore qualifies as non-hearsay under Rule 801(d)(2)(D). Upon consideration of the Dollar Tree cashier's statement, it is clear that there exists genuine issues of material fact with respect to whether Defendant had actual notice of the detergent spill and, if so, whether Defendant breached its duty to Plaintiff by failing to remedy the spill within a reasonable time frame. These are questions for the factfinder to decide and, for this reason, summary judgment is not warranted.

## V. CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion for Summary Judgment (Doc. No. 38). An appropriate Order follows.